IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

EDWARD CARTER                                                               PLAINTIFF

v.                           No. 4:12-cv-605-DPM

NOVARTIS PHARMACEUTICALS CORP.                                  DEFENDANT

ORDER

The Court appreciates the parties' status reports, *Document Nos. 34 & 35.*

1. Given the age of this case, and the work already done in the MDL, the Court sees little value in proceeding with an initial scheduling order, a standard Rule 26(f) conference, and the usual slow start in this case. A draft final scheduling order is attached. The Court directs the parties to confer and file a joint report about the draft by 28 February 2013. The short story is that this case can be ready for trial soon and should be.

2. All pending motions are denied without prejudice. Refiling following this Court's standard procedures makes more sense than supplementing the current papers. Some additional guidelines: no brief may exceed twenty-five pages (14 point type); any movant may reply seven calendar days after the response; and if exhibits to any paper exceed fifty

pages, the Court would appreciate a courtesy copy delivered to chambers in a three-ring, tabbed binder.

**3.** Note the supplemental-reports deadlines for experts. The Court will allow supplemental depositions of experts only to explore any supplemental report.

**4.** Further discovery is limited to damages and any supplemental expert opinions.

**5.** Note the imminent deadline to request any pleading amendments. It is past time to get the issues joined and the pleadings locked in.

**6.** The Court is confused about the plaintiff. Is it Mr. Carter the duly appointed and serving personal representative of Mrs. Carter's estate, *Document No. 35 (style)*? Or is he pursuing the case individually by way of "provisional[ ] substitut[ion]?" *Document No. 34, note 1.* The Court is unfamiliar with that procedure. The parties should also address this issue in their February 28th joint report.

**7.** The Court would appreciate the parties' best preliminary estimate about the length of trial. Plan on six hours each day in front of the jury.

8. The Court directs the Clerk to show all pending motions transferred with this case as denied without prejudice.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

15 February 2013

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**DRAFT**

EDWARD CARTER
Substituted on behalf of Patsy Carter, Deceased                          PLAINTIFF

4:12-cv-605-DPM

v.

NOVARTIS PHARMACEUTICALS
CORPORATION                                                              DEFENDANT


## PROPOSED FINAL SCHEDULING ORDER

Pursuant to Federal Rule of Civil Procedure 16(b), the Court orders:

- Deadline to request any
  pleading amendment .................... **29 March 2013**

- Plaintiffs shall identify all expert
  witnesses and produce any
  supplemental opinions by ................. **3 June 2013**

- Defendants shall identify all expert
  witnesses and produce any
  supplemental opinions by ................... **3 July 2013**

- Plaintiff shall identify any rebuttal
  expert witnesses and produce
  their opinions by ......................... **26 July 2013**

- Discovery cutoff ........................ **4 October 2013**

- Dispositive and *Daubert* motions due[1] .... **14 October 2013**

- Settlement conference request .......... **30 October 2013**

- Deposition designations exchanged[2] ... **13 November 2013**

- Motions in limine due ............... **29 November 2013**

- Local Rule 26.2 pre-trial
  disclosure sheets due ............... **13 December 2013**

- Joint report on deposition designation
  disputes (if any) .................... **13 December 2013**

- Trial briefs due .................... **13 December 2013**

- Jury Instructions (agreed or disputed)
  due ............................. **13 December 2013**

- Responding trial briefs due .......... **23 December 2013**

- Pre-Trial Hearing .................... **3 January 2014**

- Jury Trial, Little Rock Division ......... **13 January 2014**

- **Courtroom.** Unless otherwise noted, all proceedings will be in my courtroom (B-155) at the Richard Sheppard Arnold U.S. Courthouse in Little Rock. If the parties need lots of technology, we will relocate to a courtroom in the annex.

---

[1] Note and follow the procedure specified *infra*

[2] Note and follow the procedure specified *infra*

- **Divisional Courtroom Locations:**
  Northern - 490 College, Batesville Courtroom #252.
  Eastern   - 617 Walnut Street, Helena Courtroom #314
  Western  - 600 W. Capitol, Little Rock Courtroom #B-155
  Jonesboro - 615 S. Main, Courtroom #324
  Pine Bluff - 100 East 8th Street, Courtroom #3602

- **Deposition Designations:** The Court strongly encourages the parties to use live testimony, rather than testimony by deposition, at trial. If the parties nonetheless need to use deposition testimony, then they must follow the following procedure. Thirty days before Local Rule 26.2 pre-trial disclosure sheets are due, the parties should exchange deposition designations. As soon as practicable thereafter, counsel must meet and confer in person. They should try hard to agree on what deposition testimony will be presented at trial and resolve any objections. If any dispute or objection remains unresolved, then the parties should file a joint report explaining the dispute on the same date pre-trial disclosure sheets are due. The parties must certify that they met and conferred in person but failed to resolve the disputed issue. The parties should also deliver to chambers a paper copy of the entire transcript of any deposition involved in any dispute.

- **Discovery Disputes.** Counsel should confer in good faith in person before bringing any discovery dispute to the Court. Absent an emergency (such as a dispute during a deposition), if the parties reach an impasse, they should file a joint five-page report explaining the disagreement and the Court will rule or schedule a hearing. A party should not move to compel or the like as a matter of course.

- **Exhibits.** The Court strongly encourages the parties to agree on as many of the exhibits as possible before the pre-trial.

- **Jury Instructions.** The Court strongly encourages the parties to agree on the verdict form and as many of the jury instructions as possible. Use standard instructions (AMI, Eighth Circuit, or Federal Jury Practice and Instructions (5th edition)) where possible. Note authority on the bottom of the each proposed instruction. Please explain the reason for any disputed instructions in your submission. Send agreed and disputed instructions in WordPerfect to dpmchambers@ared.uscourts.gov.

- **Pre-Trial Hearing.** We will address motions in limine, deposition excerpts for use at trial, jury instructions, trial architecture, exhibits, and voir dire.

- **Summary Judgment.** Motions must comply with Federal Rule of Civil Procedure 56 and Local Rules 7.2 and 56.1. Make the complete condensed transcript of any deposition cited an exhibit. Limit your Rule 56.1 statements to *material* facts. Include a supporting record citation for each fact asserted. Responding statements of fact must repeat the statement being responded to — like a discovery response. A party's substantial failure to follow these procedures will result in the party having to correct its filing.

- **Conflicts Of Interest.** Counsel must check the Court's list of financial interests on file in the U.S. District Clerk's Office to determine whether there is any conflict that might require recusal. If any party is a subsidiary or affiliate of any company in which the Court has a financial interest, counsel should bring that fact to the Court's attention immediately.

Please communicate with Martha Fugate, Courtroom Deputy, by e-mail at *martha_fugate@ared.uscourts.gov* to check your position on the calendar as the trial date approaches. In the event of settlement, advise Ms. Fugate immediately.

**AT THE DIRECTION OF THE COURT
JAMES W. McCORMACK, CLERK**

**By: Courtroom Deputy to Judge D. P. Marshall Jr.**